IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMON ALLGIRE,

     Plaintiff,                    No. CIV S- 04 - 1680 MCE GGH P

    vs.

WARDEN R. A. CASTRO, et al.,

     Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. In a concurrently filed order, the undersigned has found the January 31, 2005 amended complaint appropriate for service upon several defendants. As to defendants Schwarzenegger, Hickman, Woodford and Runnels, plaintiff, who seeks both money damages and injunctive relief for defendants' alleged inadequate medical care of his broken left index finger in violation of the Eighth Amendment, fails to specifically link these defendants to the constitutional deprivations he suffered when medical treatment for his broken left index finger was delayed for almost two years, causing him pain and discomfort and requiring that he ultimately undergo an extended two-and-a-half- hour surgery. Amended Complaint, pp. 2-4.

        The Civil Rights Act under which this action was filed provides as follows:

        Every person who, under color of [state law] . . . subjects, or causes

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's claims for money damages against defendants Schwarzennegger, Hickman. Woodford and Runnels should be dismissed.

As to his claims for injunctive relief, just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

1  could appropriately respond to a court order on injunctive relief should one ever be issued.
2  Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F.
3  Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to
4  monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox
5  Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also,
6  Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to
7  continue against an official's successors despite objection that the successors had not personally
8  engaged in the same practice that had led to the suit. However, because a suit against an official
9  in his or her official capacity is a suit against the state, policy or procedure of the state must be at
10 issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct.
11 358, 361-62 (1991). To the extent that plaintiff intends to allege that he has been subjected to an
12 unconstitutional practice in the treatment of his injury, he has named defendant J. S. Woodford,
13 an appropriate official who can direct any follow-up medical treatment/therapy he seeks.
14 Therefore, the court recommends dismissal of plaintiff's claims for official capacity prospective
15 injunctive relief against defendants Schwarzennegger, Hickman, and Runnels.

16       Accordingly, IT IS HEREBY RECOMMENDED that:

17       1. Defendants Schwarzennegger, Hickman, and Runnels be dismissed from this
18 action, and defendant J. S. Woodford be dismissed as a defendant in her individual capacity for
19 money damages;

20       2. This action proceed against defendant Woodford in her official capacity only
21 as to plaintiff's claims for prospective injunctive relief.

22       These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
24 days after being served with these findings and recommendations, plaintiff may file written
25 objections with the court. Such a document should be captioned "Objections to Magistrate
26 Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

3

1 within the specified time may waive the right to appeal the District Court's order. Martinez v.

2 Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: 6/17/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
allg1680.fr